[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1276

FREDERIC W. BERTHOFF,

Petitioner, Appellant,

 v.

 UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

 Before

Stahl, Circuit Judge,
Lipez, Circuit Judge, 
and Saris,* District Judge.

Michael Bourbeau for appellant.
Kevin O'Regan, Assistant United States Attorney, with whom
Donald K. Stern, United States Attorney, was on brief for appellee.

December 22, 1999

* Of the District of Massachusetts, sitting by designation Per curiam. Our review of the transcript referenced in
the certificate of appealability issued by the district court has
left us in some doubt as to the precise issue(s) on which the
certificate was granted. The thrust of the court's remarks in
issuing the certificate suggests a desire for additional guidance
on the constitutionality of the vastly different treatment the
United States Attorney for the District of Massachusetts apparently
accords defendants who plead and defendants who go to trial. See
United States v. Rodriguez, 162 F.3d 135, 150-53 (1st Cir. 1998),
cert. denied, 119 S. Ct. 2034 (1999). Yet the parties have
proceeded on the understanding that the court actually granted the
certificate as to whether Attorney McMenimen provided
constitutionally adequate representation to petitioner despite his
admitted failure to advise petitioner of: (1) the provision of the
September 23, 1993 letter from AUSA Pucci to Attorney McMenimen
which might be read to have set forth a plea offer; and (2) the
three-level offense level reduction available under the sentencing
guidelines in the event of a timely plea and acceptance of
responsibility. See U.S.S.G. 3E1.1. But even if we were to
follow the parties' lead, we remain insufficiently certain as to
the basis for the court's Sixth Amendment ruling to proceed to the
merits at this time. 
Under Strickland v. Washington, 466 U.S. 668, 687 (1984),
a person claiming inadequate assistance of counsel must establish
(1) a constitutionally deficient performance; and (2) prejudice. 
Here, the district court sent somewhat different signals as to the
prong(s) of the Strickland test petitioner failed to satisfy. On
the one hand, the court appears to have determined that petitioner
suffered no prejudice because he proceeded to trial with full
knowledge "that things would most assuredly go easier with him were
he to plead guilty." December 9, 1998 Transcript ("Transcript") at
14. Broadly construed, this conclusion may be taken to encompass
a finding that petitioner would not have pleaded guilty even had he
been advised of AUSA Pucci's putative plea offer and/or U.S.S.G. 
3E1.1 prior to trial. But if this were the court's intent, we have
some difficulty seeing how this appeal meets the appealability
criteria specified in 28 U.S.C. 2253(c)(2).
On the other hand, the district court also characterized
petitioner's representation as "at all times constitutionally
adequate." Transcript at 13. This statement might be taken as a
determination that Attorney McMenimen's pretrial performance was
acceptable under Strickland's first prong. But if this were the
court's intent, our review would be complicated by, among other
things, the absence of subsidiary findings or rulings explaining
why Attorney McMenimen's failure to pass along the full contents of
AUSA Pucci's letter was permissible under the Sixth Amendment. See
United States v. Rodriguez Rodriguez, 929 F.2d 747, 752-53 (1st Cir.
1991) (failure to pass along a plea offer is presumptively
deficient performance under Strickland); cf. also Boria v. Keene,
99 F.3d 492, 496-97 (2d Cir. 1996) (failure to discuss with a
client the advisability of accepting or rejecting a plea bargain
deprived the client of effective assistance of counsel).
Under the circumstances, we think that the prudent course
is to vacate and remand for clarification. Following remand, the
district court need not reissue the certificate. But if the court
chooses to do so, we urge it to specify the question on which it
believes a certificate of appealability should issue. If the court
certifies the ineffective assistance issue, it would facilitate our
review were the court also to address: (1) whether petitioner
would have pleaded guilty had he received advice regarding the
effect of U.S.S.G. 3E1.1 and/or notification of the full contents
of AUSA Pucci's letter; (2) whether and to what extent the court
would have awarded an acceptance of responsibility reduction in the
event of a timely guilty plea in this case; (3) whether AUSA
Pucci's letter to Attorney McMenimen constituted a plea offer
within the meaning of Rodriguez Rodriguez, 929 F.2d at 752; (4) why
the failure to pass along the contents of AUSA Pucci's letter was
or was not deficient under Strickland's first prong; and (5) why
the failure to advise petitioner regarding the effect of U.S.S.G.
3E1.1 was or was not deficient under Strickland's first prong. 
Vacated and remanded.